IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIC LAMON JOHNSON, § | |
| TDCJ-CID # 1038929, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-04-2586 |
| § | |
| DOUG DRETKE, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Eric Lamon Johnson, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a petition for a writ of habeas under 28 U.S.C. § 2254 challenging a probation revocation. The respondent has filed a Motion for Summary Judgment (Docket Entry No. 9) contending that this action should be dismissed due to Johnson's failure to exhaust state court remedies. After reviewing the pleadings and available state court records, this court has determined that this action should be dismissed because Johnson failed to exhaust state court remedies under 28 U.S.C. § 2254(b)(1).

**I. Procedural History and Claims**

During June and July of 2000, Johnson was charged with two offenses involving delivery of a controlled substance, cocaine, in Washington County. After pleading guilty to the two offenses, Johnson received deferred adjudications and was placed on probation for ten years. *State v. Johnson*, No. 13,190 (21st Dist. Ct., Washington County, Tex. July 12, 2000); *State v. Johnson*, No. 13,218 (21st Dist. Ct., Washington County, Tex. July 12, 2000). The State later moved to revoke

probation and adjudicate guilt predicated on Johnson's violation of the conditions of his probation. In each case, the trial court entered a Judgment Adjudicating Guilt and sentenced Johnson to concurrent six year sentences. *State v. Johnson*, No. 13,190 (21st Dist. Ct., Washington County, Tex. Dec. 4, 2002); *State v. Johnson*, No. 13,218 (21st Dist. Ct., Washington County, Tex. Dec. 4, 2002). Johnson filed three applications for state writs of habeas corpus challenging the results of the revocation proceedings. The first habeas application was filed on June 27, 2003, and was dismissed pursuant to TEX. GOVT. CODE § 501.0081 by the Texas Court of Criminal Appeals on September 17, 2003. *Ex parte Johnson*, No. 56,704-01. The second and third applications were filed on February 12, 2004, and were both dismissed pursuant to § 501.0081 by the Court of Criminal Appeals on June 2, 2004. *Ex parte Johnson*, No. 56,704-02; *Ex parte Johnson*, No. 56,704-03. Thereafter, Johnson filed the instant petition on June 24, 2004.

Johnson does not challenge the actual convictions in this pending federal action. Instead he contends that his rights were violated when his probation was revoked. He contends the following:

1. He was denied credit for time he served in the Waller County Jail.

2. The probation was improperly revoked.

3. The Texas Court of Criminal Appeals improperly dismissed his state habeas application.

## II. Failure to Exhaust State Remedies

Under 28 U.S.C. § 2254, a habeas petitioner challenging the validity of his incarceration must exhaust available state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b)(1); *Nobles v. Johnson*, 127 F.3d 409, 419-420 (5th Cir. 1997). It is imperative that the substance of the claims have been presented to the state's highest court. *Whitehead v. Johnson*, 157 F.3d 384, 387

(5th Cir. 1998).  The exhaustion requirement is based in part on the principle of comity in which the states have the first opportunity to address and correct alleged violations of a state prisoner's federal rights before consideration by the federal courts.  *Coleman v. Thompson*, 111 S.Ct. 2546 (1991).

The exhaustion requirement applies to habeas petitioners challenging revocations of conditional releases.  *See Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Caldwell v. Line*, 679 F.2d 494 (5th Cir. 1982).  It is customary for the Texas courts to review complaints about defects in probation-revocation proceedings, and such complaints are presented in state applications for writs of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  *Ex parte Langston*, 511 S.W.2d 936 (Tex. Crim. App.  1974).

Johnson filed several state habeas applications; however, they were all dismissed by the Court of Criminal Appeals indicating that the court did not reach the merits of the claims.  *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Barrientes v. Johnson*, 221 F.3d 741, 779 (5th Cir. 2000), *citing Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App., 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits.").  In each of the dismissals, the Court of Criminal Appeals cites Section 501.0081 of the Texas Government Code.  Under that section, a prisoner cannot file a state application for a writ of habeas corpus regarding time credit until he has properly filed a challenge with the TDCJ-CID administrative appeal system and has obtained a written decision regarding his claim.  TEX. GOVT. CODE ANN. § 501.0081(b)(1).  Otherwise, he needs to show that he had not received a written decision within 180 days or that he was within 180 days of the date of his release when he filed the application.  *See* TEX. GOVT. CODE ANN. § 501.0081(b)(2), (c).

Johnson contends that he has administratively exhausted his claims. The respondent has submitted an affidavit (Docket Entry No. 9, Exhibit A) indicating that Johnson had sought to resolve the matter with the TDCJ-CID Classification and Records Office. However, the state habeas records do not contain any entry which would inform the Court of Criminal Appeals that Johnson had adequately complied with the provisions of § 501.0081. In the absence of such a showing, the Court of Criminal Appeals would dismiss the application. *See Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000).

It is not sufficient that a habeas petitioner has taken a challenge "through" the state court system; he must have presented his claims so that they can be fairly considered by the state courts. *Picard v. Connor*, 92 S.Ct. 509, 512 (1971). A claim which has been rejected on procedural grounds has not been fairly presented and, therefore, does not meet the exhaustion requirement. *Castille v. Peoples*, 109 S.Ct. 1056, 1060 (1989); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). Therefore, Johnson's claim regarding credit for time served cannot be considered because it is unexhausted.

If a habeas petitioner has exhausted some, but not all, of the claims raised in his federal habeas corpus petition, the court must dismiss the petition because it is mixed. *Rose v. Lundy*, 102 S.Ct. 1198, 1205 (1982); *Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997). Before bringing any habeas corpus claims to federal court, the petitioner must first take each one to state court. *Rose*, 102 S.Ct. at 1204. This is required so that all exhausted claims will be presented to the federal courts in one petition. *Id*. Therefore, this court cannot grant relief, and Johnson's federal habeas petition must be dismissed for failure to exhaust remedies. *Alexander*, 163 F.3d at 908.

Johnson's petition will be dismissed without prejudice to filing a timely habeas challenge after exhausting state court remedies. However, his claim regarding infirmities in the state habeas proceedings have no basis. *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999). The State is under no constitutional obligation to provide post-conviction remedies. *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987). Johnson would not be entitled to relief based on a claim that the Court of Criminal Appeals committed an error during the state habeas proceeding because such a claim "is an attack on a proceeding collateral to the detention and not the detention itself." *Id. citing Williams v. State of Mo.*, 640 F.2d 140, 144 (8th Cir. 1981).

### III. Certificate of Appealability

Should Johnson file a notice of appeal challenging the dismissal of this action, this court **DENIES** the issuance of a Certificate of Appealability (COA) for the reasons stated in this Memorandum Opinion and Order. 28 U.S.C. § 2253; *Murphy*, 110 F.3d at 11 (habeas petition which contained both exhausted and unexhausted claims was not entitled to COA). *See also Whitehead*, 157 F.3d at 386 (habeas petitioner appealing dismissal for failure to exhaust is obligated to make a credible showing that the district court erred before a COA will issue), *citing Murphy*.

### IV. Conclusion

The court **ORDERS** the following:

1. The respondent's Motion for Extension of Time (Docket Entry No. 7) is **GRANTED**.

2. The respondent's Motion for Summary Judgment (Docket Entry No. 9) is **GRANTED**.

3. All claims filed in this action are **DISMISSED** without prejudice for failure to exhaust available state court remedies.

4. A Certificate of Appealability is **DENIED**.

**SIGNED** on this 14th day of March, 2006.

                                                JOHN D. RAINEY
                                     UNITED STATES DISTRICT JUDGE